| | | |
|---|---|---|
| In re: | ) | Case No. 11-20850 |
| | ) | |
| ROBERT A. LAVINE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

Debtor Robert Lavine moves to avoid the judgment lien of City National Bank (the bank) to the extent that the lien impairs his exemptions on his homestead. He holds the property jointly in a survivorship tenancy with his non-debtor spouse. The only issue is whether the full value of the property should be used in determining the extent of the impairment–as argued by the bank–or one-half the value–as argued by the debtor. For the reasons stated below, the debtor's amended motion is granted and the bank's lien is avoided to the extent of $724,358.00.[1]

## I. JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

---

[1] *See* docket 49, 53, 54, 55, 65, 66, 68.

## II. DISCUSSION

### A. The Facts

The parties submitted their dispute for decision on these stipulated facts:[2]

The debtor filed this chapter 7 case on December 30, 2011. The debtor and his non-debtor spouse own real estate located at 32575 Wintergreen Drive, Solon, Ohio (the property), which is their residence. The deed evidencing their ownership is titled as a "Survivorship Deed Warranty" and it grants them title "for their joint lives, remainder to the survivor of them . . . ." The deed was recorded with the Cuyahoga County Recorder on August 26, 2008. The market value of the property is $355,000.00.

This court entered an order on July 26, 2012 which avoided the judgment liens of American Express FSB and Park View Federal Savings Bank as to the property. As a result, the existing encumbrances in order of priority are:

1. The mortgage lien of Flagstar Bank in the amount of $298.000.00; and

2. The bank's judgment lien in the amount of $730,083.00, plus interest, fees and costs filed on or about June 7, 2011 in the Cuyahoga County Court of Common Pleas, which the bank holds by assignment from Imperial Capital Bank. Although not addressed by the stipulations, the bank acknowledges that the debtor's spouse has no liability to it, *see* Brief at 5, docket 66.

The debtor claimed exemptions in the amount of $22,775.00 with respect to the property under the Ohio exemption provisions. *See* OHIO REV. CODE § 2329.66(A)(1) and (A)(18).[3]

---

[2] Docket 61, 64.

[3] The parties stipulated to the homestead exemption of $21,625.00 under § 2329.66(A)(1), and the debtor filed an amended schedule C (docket 67) to claim an additional exemption in the amount of $1,150.00 under § 2329.66(A)(18).

2

### B. 11 U.S.C. § 522(f)(1)(A)

The debtor seeks to avoid the bank's lien under § 522(f), which provides in relevant part:

> . . . [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien . . . [with an exception not relevant here].

11 U.S.C. § 522(f)(1)(A). The term "judicial lien" includes a lien obtained by judgment such as the bank's lien. 11 U.S.C. § 101(36).

A judicial lien impairs an exemption to the extent that the sum of all liens on the property and the amount of the exemption the debtor could claim if there were no liens exceed the value of the debtor's interest in the property if there were no liens. 11 U.S.C. § 522(f)(2)(A). Stated another way, the calculation is made by adding together the value of all liens and the exemption and then subtracting the value of the property. *Brinley v. LPP Mortgage Ltd. (In re Brinley)*, 403 F.3d 415, 420-21 (6th Cir. 2005). The challenged lien is avoided to the extent, if any, that the sum of the liens and the exemption exceed the property's value. *Id.* at 421.

### C. The Issue and the Positions of the Parties

The parties agree that the bank's lien impairs the debtor's exemption, with the disputed issue being the amount of the impairment. Their dispute focuses on the value of the debtor's interest in the property. The debtor argues that because he owns the property jointly with his non-debtor spouse that only one-half the value of the property should be used to determine the amount of the impairment. The bank, on the other hand, argues that the debtor should be charged with the full value of the property.

3

### D. The Debtor's Interest in the Property

The deed transferring the property to the debtor and his spouse created a joint tenancy with a right of survivorship under current Ohio law, which provides that a "deed conveying any interest in real property to two or more persons, and in substance following the form set forth in this section . . . creates a survivorship tenancy in the grantees, and upon the death of any of the grantees, vests the interest of the decedent in the survivor, survivors, or the survivor's or survivors' separate heirs and assigns." OHIO REV. CODE § 5302.17.[4] The debtor and his spouse each hold "an equal share of the title during their joint lives unless otherwise provided" in the deed which created their survivorship tenancy. OHIO REV. CODE § 5302.20(B).

The characteristics and ramifications of the debtor's survivorship tenancy are set out in Ohio Revised Code § 5302.20(C). Under that section, the debtor and his spouse each have "an equal right to share in the use, occupancy, and profits" and each is "subject to a proportionate share of the costs related to the ownership and use" of the property. OHIO REV. CODE § 5302.20(C)(1). Each is able to convey his or her interest in the property individually, without altering the interest of the other in the title. OHIO REV. CODE § 5302.20(C)(2). A creditor of the debtor is permitted to enforce a lien against the debtor's interest in the property in an action to marshall liens. OHIO REV. CODE § 5302.20(C)(4). In such an action, a court may order the entire property sold and divide the proceeds to account for the tenants' fractional interests. *See White v. Parks*, No. 24391, 2009WL388218 (Ohio Ct. App. Feb. 18, 2009). And, in the event the debtor

---

[4] This version of § 5302.17 replaced the tenancy by the entireties, which was first recognized in Ohio when a prior version of § 5302.17 was enacted on February 9, 1972, with a survivorship tenancy. *See generally Cent. Benefits Mut. Ins. Co. v. RIS Admins. Agency, Inc.*, 637 N.E.2d 291, 292 (Ohio 1994).

and his spouse terminate their marriage, their tenancy will cease to be a survivorship tenancy and will become a tenancy in common, unless expressly stated otherwise. OHIO REV. CODE § 5302.20(C)(5). All of this leads to the conclusion that the debtor owns an undivided one-half interest in the entire property, and that one-half of the property's value should be used in the calculation.

In support of a different result, the bank argues that this debtor's interest in the property is equivalent to the debtor's interest in property discussed in the *Brinley* decision, and that the debtor must be charged with the full value of the property.[5] However, the property in *Brinley* was held in a tenancy by the entirety as defined under Kentucky law. That ownership interest is quite different from the debtor's joint survivorship tenancy, as detailed by the Sixth Circuit in this discussion–

> Under Kentucky law, a joint tenancy, by definition, "is an estate held by two or more people who . . . are not husband and wife." *Sanderson v. Saxon*, 834 S.W.2d 676, 678 (Ky.1992) (emphasis added). A tenancy by the entirety, on the other hand, "is an estate in land shared by husband and wife, whereby at the death of either the survivor is entitled to full fee simple ownership." *Id.* "[T]he survivor takes the entire estate at the death of the deceased co-tenant *not* by virtue of that death, but because, in law, each was viewed to own the *entire* estate from the time of its creation." *Id.* (emphasis in original). Because Brinley and his wife shared the property in question as spouses, their interests in the realty were as tenants by the entirety. Consequently, Brinley and his wife each owned the entire estate . . . .

*In re Brinley*, 403 F.3d at 420.

---

[5] In addition, the bank cites *In re Kruse*, No. 04-2134 (Bankr. S.D. Ohio Aug. 16, 2005). That case is on point, but it does not include sufficient discussion to be persuasive. The other cases cited by the bank have little relevance to the issue at hand.

The bank's attempt to equate the entireties tenancy discussed in *Brinley* with the debtor's joint survivorship tenancy interest fails to acknowledge that "[i]n the context of property law, an estate by the entireties has a particular and unique definition which sets it apart from other recognized forms of joint tenancies." *Cent. Nat'l Bank of Cleveland v. Fitzwilliam*, 465 N.E.2d 408, 410 (Ohio 1984). The distinguishing characteristic of an entireties tenancy is that neither spouse has an individual interest in the entire estate, rather each spouse has an undivided interest in the whole estate. *Id.* As noted above, under Ohio law the debtor and his spouse do not own an interest in the entire property; each owns a present undivided one-half interest in the property. Therefore, as the property's value is $355,000.00, the debtor's interest in the property has a value of $177,500.00.

### E. Calculating the Extent of Impairment

Having determined the value of the debtor's property, the next step is to calculate the extent of impairment. Applying the calculation set forth in § 522(f)(2)(A) strictly would result in the total avoidance of the bank's lien:

```
    $298,000.00   (Flagstar Bank mortgage)
    $730,083.00   (Bank's lien)
   +$  22,775.00  (Exemptions)
   $1,050,858.00
   −$ 177,500.00  (Debtor's property interest)
   $  873,358.00  (Extent to which the bank's lien
                   impairs the debtor's exemptions
                   exceeding $730,083.00)
```

Courts, however, are divided as to whether the § 522(f)(2)(A) formula should be strictly applied in cases such as this where the debtor has only a fractional interest in the property. This division in opinion arises because a strict application does not take into account the fact that there

6

is often a mortgage which encumbers both joint tenants' interests in the property. As one court noted, in a case such as this where the " debtor has only a fifty percent interest in exempt property . . . but one or more outstanding liens apply to the entire property, the statutory formula produces an unreasonably high impairment that has the effect of *creating* additional equity for the debtor at the expense of the lienholder whose lien is thereby avoided." *Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 328 F.3d 406, 409 (8th Cir. 2003) (emphasis in original).

The Circuit courts that have addressed this issue have concluded that a mechanical application of the statutory formula produces a result which conflicts with the statutory purpose of § 522(f). *See Miller v. Sul (In re Miller)*, 299 F.3d 183, 186-87 (3rd Cir. 2002); *Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255, 1256-57 (11th Cir. 2000); *Nelson v. Scala*, 192 F.3d 32, 34-35 (1st Cir. 1999); *but see Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495, 498 (B.A.P. 10th Cir. 1997) (holding that § 522(f)(2)(A) is not ambiguous and requiring that all liens must be added in determining impairment). To avoid that result, "[t]hese courts either net the total outstanding secured debt balance owed by both co-owners against the entire fee before calculating the value of the debtor's fractional interest in the property or achieve a result that assures that the debtor does not enjoy more than the amount of the available exemption." *All Points Capital Corp. v. Meyer (In re Meyer)*, 373 B.R. 84, 90 (B.A.P. 9th Cir. 2007).

This court agrees that in this case a literal application of § 522(f)(2)(A) would produce an illogical result contrary to Congressional intent and will, therefore, adopt a modified computation for impairment. The court adopts the modified calculation set out in *In re Morrow*, 2009 WL1607582 at *6 (Bankr. N.D. Ohio Feb 12, 2009) because it provides a "more realistic computation of the impairment and does not appear to be at odds with *Brinley* [.]" Under the

calculation, the debtor's 50% interest in the property is valued at $177,500.00 and 50% of the mortgage debt, or $149,000.00, is used in calculating the total lien amount. That calculation is:

```
    $149,000.00   (Flagstar mortgage)
    $730,083.00   (Bank's lien)
   +$  22,775.00  (Exemptions)
    $901,858.00
   −$177,500.00   (Debtor's property interest)
    $724,358.00   (Extent to which the bank's lien
                   impairs the debtor's exemptions)
```

Under this calculation, the bank's judgment lien in the amount of $730,083.00 is avoided to the extent of $724,358.00, leaving the bank with an unavoided lien in the amount of $5,725.00.

### III. <u>CONCLUSION</u>

The debtor's amended motion is granted and the bank's judgment lien as to the property located at 32575 Wintergreen Drive, Solon, Ohio is avoided in part, with the bank retaining a lien in the amount of $5,725.00.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge

8